**YASSINE, INC., Appellant,**

v.

**BATES COMMUNICATION, INC., Appellee.**

[Cite as *Yassine, Inc. v. Bates Communication, Inc.*, 163 Ohio App.3d 413, 2005-Ohio-5019.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–04–1372.

Decided Sept. 23, 2005.

George R. Royer, for appellant.

PARISH, Judge.

{¶ 1} This is an appeal of the judgment of the Lucas County Court of Common Pleas that dismissed as moot a trademark-infringement action. Appellant's suit was originally filed in 1995. For the reasons set forth below, the judgment of the trial court is affirmed.

{¶ 2} On appeal, appellant sets forth a single assignment of error:

{¶ 3} "The court erred in dismissing plaintiff's (appellant's) complaint on the basis of 'mootness' or otherwise."

{¶ 4} The following undisputed facts are relevant to the issue raised on appeal. Appellant and appellee are both engaged in the telecommunications/paging business in the state of Ohio. Appellant's business is based in the Toledo area, and appellee's operation is based in eastern Ohio. On October 6, 1995, appellant filed a complaint against appellee alleging infringement of the trademark "Page Plus Communications." Appellee had entered the Northwest Ohio market in competition with appellant using the arguably comparable name "Pagers Plus." On October 10, 1995, appellant filed a motion for a temporary restraining order and requested injunctive relief. On January 16, 1996, appellee counterclaimed, similarly asserting trademark-infringement claims. The cases were consolidated.

{¶ 5} In the early years of this litigation, numerous adversarial motions were exchanged, and the case was extremely active. Following that initial flurry of activity, the case became inert. In the interim, appellee withdrew its competitive business activity from the region.

{¶ 6} On September 24, 2004, the trial court dismissed the case pursuant to Sup.R. 40(A) because of inactivity and failure to prosecute. On October 12, 2004, appellant filed a motion to reconsider the dismissal. In support, appellant argued that dismissal was improper in light of pending summary-judgment motions at the time of the dismissal. On October 22, 2004, the trial court granted the motion, vacated the dismissal, and reinstated the case.

{¶ 7} On November 12, 2004, appellant filed a request for judicial notice pursuant to Evid.R. 201 that appellee no longer engaged in business activity in the region. On November 16, 2004, the lower court issued a judgment acknowledging appellee's cessation of business activity and simultaneously holding that the cessation of business activity rendered the action moot. The court dismissed the case as moot. Appellant filed a timely notice of appeal of the most recent dismissal.

{¶ 8} In its sole assignment of error, appellant asserts that the trial court erred in dismissing its complaint as moot. In support, appellant erroneously asserts that the trial court failed to reach a determination regarding the desired judicial notice. This court has reviewed the November 16, 2004 judgment entry and finds that it does, in fact, clearly acknowledge that appellee ceased business activity in the area.

{¶ 9} Appellant further maintains that it was error to dismiss the case without allowing appellant the opportunity to establish alleged past damages for the period of time when the businesses competed. This court concludes that the decade that had elapsed was more than ample time and opportunity for appellant to furnish compelling evidence of damages. The record, however, is devoid of any such evidence. The failure to do so does not constitute a legal basis in support of the assignment of error. On the contrary, it assumes that liability has been established. The record shows that liability was not proven. The court specifically declined to rule on summary judgment. The issue of claimed damages is immaterial to the procedural matter under review.

{¶ 10} It is well established that the duty of all judicial tribunals in the state of Ohio does not encompass any obligation to continue deliberating on moot controversies. Courts are under no obligation to consider moot questions or abstract propositions. The proper purview of a court's consideration is limited to currently active controversies. *Novak & Sons, Inc. v. Avon Lake Bd. of Edn.* (Dec. 5, 2001), 9th Dist. No. 01CA007835, 2001 WL 1545505. *Miner v. Witt* (1910), 82 Ohio St. 237, 238, 92 N.E. 21. The trial court concluded in its September 24, 2004 entry that the matter before it had been rendered moot by the then existing facts. It was deemed that the matter was no longer an active controversy. It is this determination of the lower court that is under review. All matters pertaining to alleged damages are not before this court for review.

{¶ 11} This court has consistently held that it may not substitute its judgment for that of the trial court absent an abuse of discretion. This court is required to uphold the trial court unless it can definitively conclude that the trial court decision was not based upon reliable, probative evidence. An abuse of discretion is beyond an error of law or judgment. An abuse of discretion can be found only in scenarios where the decision of the trial court can be properly deemed unreasonable, arbitrary, or unconscionable. *Eckel v. Swanton Twp. Bd. of Trustees*, 6th Dist. No. L–03–1289, 2004–Ohio–4855, 2004 WL 2036427, at ¶ 10.

{¶ 12} In applying the above legal propositions to the record in this case, this court finds that the trial court did not abuse its discretion in deeming the decade-old trademark-infringement action involving two companies no longer in competition with one another to be moot. As stated above, judicial tribunals are under no duty to continue deliberating on actions deemed moot. It was not an abuse of

discretion by the lower court to elect to bring closure to this prolonged and no longer timely action. Appellant's assignment of error is not well taken.

{¶ 13} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.

Judgment affirmed.

HANDWORK and PIETRYKOWSKI, JJ., concur.